UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Brandon Walker,<br><br>       Plaintiff,<br><br>v.<br><br>Tarrant County, Michael Ford, Keitha Hallenbeck, Floyd Heckman, Charles Eckert, Milton Kuser, Timothy Canas, Steven Sparks, Mike Simonds, and Tarrant County Sheriff Bill E. Waybourn,<br><br>       Defendants. | No. 4:24-CV-245-O-BP |

## Tarrant County's Motion for Partial Dismissal with Brief in Support

Brandon Walker claims that Tarrant County ("County"), through its Sheriff's Office, retaliated against him because he complained about alleged discriminatory acts. He seeks relief under Title VII, Section 1983, the Texas Commission on Human Rights Act ("TCHRA"), and the Texas Whistleblower Act. The Court should dismiss the Section 1983, TCHRA, and Whistleblower Act claims for the following reasons:

- The applicable statute of limitations bars each claim; and
- Walker failed to plead a *Monell* claim against the County.

### Facts

Brandon Walker formerly worked as a deputy in the Tarrant County Sheriff's Office ("TCSO"). ECF No. 37 at ¶ 28. After being transferred from the TCSO's Narcotics Division to its Patrol Division,

1

Walker filed an EEOC charge of discrimination. ECF No. 37 at ¶¶ 29, 31. Approximately two years later, the TCSO suspended Walker for three days without pay for an unrelated incident of insubordination. ECF No. 37 at ¶¶ 50-54. Walker then filed a second charge of discrimination with the EEOC. ECF No. 37 at ¶ 64. Following additional incidents of insubordination, the TCSO terminated Walker's employment on July 27, 2021. ECF No. 37 at ¶ 70. Walker claims each of these acts was in retaliation[1] for his filing charges of discrimination. ECF No. 37 at ¶¶ 80-81, 84, 94. The County denies that it (through the TCSO) discriminated or retaliated against Walker.

## Argument

The applicable statute of limitations bars Walker's Section 1983, TCHRA, and Whistleblower Act claims. Therefore, the Court should dismiss those claims. Alternatively, the Court should dismiss Walker's Section 1983 retaliation claim against the County because Walker failed to plead *Monell* liability.

### 1. Rule 12(b)(6) standard

To avoid dismissal under Rule 12(b)(6), Walker had to plead enough facts to state a claim that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow a court reasonably infer that the defendant is liable for the alleged acts. *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016).

Because Walker is *pro se*, the Court liberally construes the

---

[1] Walker does not explain how his transfer from Narcotics to Patrol could be in retaliation for an EEOC charge he would not file until almost ten months after his transfer.

complaint, accepting all well-pleaded facts as true, and viewing them in a light most favorable to Walker. *Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023). But, the Court does not accept as true legal conclusions, conclusory statements, or bare assertions without factual enhancement. *Trevino v. Iden*, 79 F.4th 524, 530 (5th Cir. 2023).

## 2. Walker's Section 1983, TCHRA, and Whistleblower Act claims are time-barred

A court properly dismisses a claim under Rule 12(b)(6) "when the complaint makes plain that the claim is time-barred and raises no basis for tolling." *Johnson v. Harris County*, 83 F.4th 941, 954 (5th Cir. 2023). Walker failed to timely file his Section 1983, TCHRA, and Whistleblower Act claims. Therefore, the Court should dismiss those claims.

### 2.1 Walker failed to timely file his Section 1983 claim

A plaintiff must bring his Section 1983 claim against a Texas defendant within two years of the claim's accrual. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761-62 (5th Cir. 2015) (Texas's two-year personal injury statute of limitation applies to Section 1983 claims). The statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 762. The plaintiff has sufficient awareness when he knows that a) he has been injured and b) a connection exists between his injury and the defendant's actions. *Id.*

The Second Amended Complaint plainly establishes that the statute of limitations bars Walker's Section 1983 claim. Walker pleaded that the County fired him on July 27, 2021. ECF No. 37 at ¶ 70. He believed he was fired for retaliatory reasons. ECF No. 37 at ¶ 72. Thus,

3

the statute of limitations began to run no later than July 27, 2021 and Walker had to file a Section 1983 lawsuit no later than July 27, 2023. *King-White*, 803 F.3d at 761-62; TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). But he filed this case on March 15, 2024, almost nine months after the statute of limitations expired. *See* ECF No. 1. Thus, the statute of limitations bars his Section 1983 claim and the Court should dismiss it.

## 2.2 Walker failed to timely file his TCHRA claim

Similarly, the statute of limitations bars Walker's claim under the TCHRA. An employee must exhaust his remedies by filing an administrative complaint before he can file suit under the TCHRA. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). He must file suit no later than two years from the date he filed his administrative complaint. TEX. LAB. CODE ANN. § 21.256; *United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 782 (Tex. App.—San Antonio 2023, no pet.). Walker filed three administrative complaints with the EEOC, the most recent on August 18, 2021. ECF No. 37 at ¶ 72. He filed his TCHRA claim[2] more than two years later, on June 14, 2024. *See* ECF No. 37. Therefore, the statute of limitations bars Walker's TCHRA claim as a matter of law and the Court should dismiss it. *Mayers*, 665 S.W.3d at 782.

## 2.3 Walker failed to timely file his Whistleblower Act claim

In the Second Amended Complaint, Walker asserts a claim under the Texas Whistleblower Act. *See* ECF No. 37 at ¶¶ 97-99. A plaintiff

---

[2] Walker filed his original complaint on March 15, 2024. ECF No. 1. Thus, even if the TCHRA claim relates back to original complaint, it is still time-barred.

4

seeking relief under the Whistleblower Act "must sue" within ninety days of being suspended or terminated for reporting a violation of the law. TEX. GOV'T CODE ANN. § 554.002 (employee may sue for suspension of termination) § 554.005 (statute of limitations); *City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020). The County terminated Walker on July 27, 2021. ECF No. 37 at ¶ 70. Because he did not file suit until 2024, his claim under the Whistleblower Act is time-barred. TEX. GOV'T CODE ANN. § 554.005; *Sims*, 620 S.W.3d at 379. Hence, the Court should dismiss Walker's Whistleblower Act claim.

### 3. Walker failed to plead *Monell* liability

Even if Walker had timely filed his Section 1983 claim, he failed to plead the necessary elements to affix liability to the County. *See Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 694 (1978). Because there is no respondeat superior liability under Section 1983, *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 398, 415-16 (1997), Walker had to plead and prove 1) a policymaker, 2) an official policy or custom, and 3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694.

Walker failed to set forth any facts or allegations to satisfy the *Monell* liability requirements. Specifically, he had to identify a policy or custom, connect that policy or custom to an identified County policymaker, and show that the specific policy or custom injured him. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). While Walker asserts that the "Defendants" violated the Constitution in by retaliating against him and unlawfully detaining him, he did not identify a specific County policymaker or a specific County policy or

5

custom of retaliation or unlawful detention. *See* ECF No. 37 at ¶¶ 83-92; *Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (description of custom or policy and its relationship to the constitutional violation must contain specific facts).

Moreover, the complaint fails to identify other similar constitutional violations. This is fatal because "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Austin v. City of Pasadena, Tex.*, 74 F.4th 312, 332 (5th Cir. 2023). Put otherwise, Walker had to show sufficiently numerous prior incidents of the County 1) retaliating against employees for filing charges of discrimination and 2) unlawfully detaining employees. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017). Walker pleaded no such incidents. *See*, ECF No. 37. Consequently, the Second Amended Complaint negates *Monell* liability and the Court should dismiss Walker's Section 1983 claim against the County.

## Conclusion

Walker has twice amended his complaint trying to avoid dismissal under Rule 12(b)(6). But no number of amendments can cure the issues with Walker's Section 1983 claim (limitations, failure to plead *Monell*), or his TCHRA and Texas Whistleblower Act claims (limitations). Thus, the Court should dismiss those claims against the County with prejudice.

Respectfully submitted,

PHIL SORRELLS
Criminal District Attorney
Tarrant County, Texas

s/ Stephen A. Lund
STEPHEN A. LUND
State Bar No. 24086920
salund@tarrantcountytx.gov
MALLORY A. SCHUIT
State Bar No. 24078212
maschuit@tarrantcountytx.gov
Assistant Criminal District Attorneys
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
(817) 884-1233 – Telephone
(817) 884-1675 – Facsimile

**Attorneys for Defendants**

## Certificate of Service

On July 8, 2024, I served a copy of the above document on Brandon Walker pursuant to Fed. R. Civ. P. 5(b)(2)(C).

s/ Stephen A. Lund
STEPHEN A. LUND