IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDON WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00245-O-BP |
| | § | |
| TARRANT COUNTY | § | |
| SHERIFF'S OFFICE, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") (ECF No. 65), filed November 21, 2024, and Plaintiff's Objections (ECF No. 67), filed December 4, 2024. After reviewing all relevant matters of record in this case de novo—including Plaintiff's specific objections—the Court determines that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court in accordance with 28 U.S.C. § 636(b)(1).

### I.   LEGAL STANDARD

Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equip. Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984). A "district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Otherwise, a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(a).

## II.   ANALYSIS

Plaintiff makes several objections to the Findings and Conclusions of the Magistrate Judge.[1] First, he objects to the Magistrate Judge's conclusion that his claims are time barred.[2] Second, he argues that "[t]he Magistrate Judge improperly applied qualified immunity without addressing the well-established constitutional rights violated by Defendants."[3] Third, he objects to the Magistrate Judge's conclusion "that Plaintiff failed to allege a policy or custom attributable to Tarrant County" under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690–91 (1978).[4] Fourth, and finally, he objects to the Magistrate Judge dismissing Plaintiff's claims without leave to amend.[5]

**1. Time Barred**

The Magistrate Judge concluded that the two-year statute of limitations bars Plaintiff's § 1983 claims and declined to equitably toll the statute of limitations.[6] Plaintiff contends that the Magistrate Judge erroneously applied the statute of limitations and improperly rejected his equitable tolling argument.[7]

After conducting a de novo review, the Court agrees with the Magistrate Judge that Plaintiff's § 1983 claims are time barred. "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (internal quotation marks and citation omitted). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id.* "Moreover, a

---

[1] Pl.'s Objs. FCR, ECF No. 67.
[2] *Id.* at 2–4.
[3] *Id.* at 5.
[4] *Id.* at 10.
[5] *Id.* at 12–13.
[6] FCR 8–10, ECF No. 65.
[7] Pl.'s Objs. FCR 2–4, 8, ECF No. 67.

plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.*

Plaintiff's objections do not undermine the conclusion of the Magistrate Judge. All of the conduct forming the basis of Plaintiff's § 1983 claims occurred during the course of his employment.[8] Thus, because his employment ended on July 27, 2021, the Magistrate Judge concluded that the two-year statute of limitations began to run on that day and had expired by the time Plaintiff filed his Original Complaint on March 15, 2024.[9] Plaintiff now contends that "the last known injury" was on October 3, 2022, when his termination was upheld by the reviewing Commission, and this "extends the accrual period for 42 U.S.C. § 1983 claims under the continuing violations doctrine."[10] But Plaintiff fails to explain how the continuing violations doctrine would be operative here. Nor does he explain why the conduct that occurred on October 3, 2022, gives rise to a § 1983 claim. At best, he appears to argue that the appeal of his termination was tainted by "perjury" committed by witnesses during the appeal proceedings.[11] But this unsupported allegation is insufficient to support a constitutional violation.

Moreover, the Court agrees with the Magistrate Judge that equitable tolling does not apply. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Plaintiff argues that equitable tolling should apply because "perjury during a legal appeal proceeding . . . obstructed Plaintiff's ability to file other claims timely by creating procedural and psychological barriers."[12] But this conclusory

---

[8] Pl.'s SAC ¶¶ 86–90, ECF No. 37.
[9] FCR 9, ECF No. 65.
[10] Pl.'s Objs. FCR 8 & Ex. D, ECF No. 67.
[11] *Id.* at 2; Pl.'s SAC ¶ 74, ECF No. 37.
[12] Pl.'s Objs. FCR 2, ECF No. 67.

statement fails to show that Plaintiff was "prevented in some extraordinary way from asserting his rights." *Id.* And Plaintiff cites no new authority to support his equitable tolling argument.

### 2. Qualified Immunity (Individual Defendants)

The Magistrate Judge concluded that the individual Defendants are entitled to qualified immunity.[13] Plaintiff objects that "[t]he Magistrate Judge improperly applied qualified immunity without addressing the well-established constitutional rights violated by Defendants."[14] To overcome the defense of qualified immunity, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations omitted). Here, the Magistrate Judge dedicated seven paragraphs to addressing whether the individual Defendants violated a number of constitutional rights.[15] In concluding that there were no constitutional violations, it was entirely proper for the Magistrate Judge to omit a discussion of the "clearly established" prong, as "a failure by the plaintiff to establish either prong entitles the defendant to qualified immunity." *Scott v. Santos*, 700 F. Supp. 3d 548, 553 (W.D. Tex. 2023).

Plaintiff appears to argue that the "retaliatory action" taken by Sheriff Waybourn in response to Plaintiff reporting misconduct amounts to a constitutional violation.[16] But he has not shown as much, and accordingly, his objection that there is "no [qualified immunity] protection for retaliatory actions" is an overly broad and inaccurate statement of law.[17] Plaintiff otherwise re-asserts the same constitutional violations rejected by the Magistrate Judge.[18] Seeing no new facts or law in support of Plaintiff's claimed constitutional violations, and finding no error in the

---

[13] FCR 11, ECF No. 65.
[14] Pl.'s Objs. FCR 5, ECF No. 67.
[15] FCR 11–13, ECF No. 65.
[16] Pl.'s Objs. FCR 5–8, ECF No. 67.
[17] *Id.* at 6. Moreover, Plaintiff misstates and misapplies *Taylor v Riojas*, the holding of which only concerns the "clearly established" prong. 592 U.S. 7, 9 (2020).
[18] Pl.'s Objs. FCR 5–8, ECF No. 67.

Magistrate Judge's analysis, the Court agrees with the Magistrate Judge that there are no constitutional violations. Thus, Plaintiff's failure to establish a constitutional violation entitles the individual Defendants to qualified immunity.

### 3. *Monell* Liability (County)

The Magistrate Judge concluded that Plaintiff has not alleged facts to show a violation of his constitutional rights, and even if there had been a violation, the County would not be liable under *Monell*.[19] Plaintiff asks this Court to reconsider the County's liability under *Monell*.[20] Before a plaintiff can sue a governmental entity under the theory of municipal liability for a policy or practice, there must be an actual violation of a plaintiff's constitutional rights underlying the claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As explained above, Plaintiff does not establish a constitutional violation, so no liability can be imputed to the County.

### 4. Leave to Amend

Finally, the Magistrate Judge concluded that "allowing [Plaintiff] another opportunity to amend his lengthy pleadings would be an inefficient use of the Court's resources, would cause unnecessary delay, and would be futile."[21] Plaintiff objects on the basis that "further factual development" is "warrant[ed]" and "additional facts could support a viable claim."[22] But this form of pleading is barred by *Bell Atlantic Corporation v. Twombly*, which rejected a pleading standard based on "the prospect of unearthing direct evidence" or in which "a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." 550 U.S. 544, 561 (2007). Nor would justice require leave to amend in this case because Plaintiff has twice amended his Complaint.[23] *See*

---

[19] FCR 14, ECF No. 65.
[20] Pl.'s Objs. FCR 9–10, ECF No. 67.
[21] FCR 18, ECF No. 65.
[22] Pl.'s Objs. FCR 13, ECF No. 67.
[23] Pl.'s Compl., ECF No. 1; Pl.'s FAC, ECF No. 11; Pl.'s SAC, ECF No. 37.

*Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 567 (5th Cir. 2002) (upholding denial of leave to amend where plaintiffs had already filed original complaint and two amended complaints). Accordingly, the Court agrees with the Magistrate Judge's denial of leave to amend.

### III.   CONCLUSION

After conducting a de novo review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that: (1) Tarrant County's Motion for Partial Dismissal (ECF No. 39) is **GRANTED**, and Walker's claims against it under 42 U.S.C. § 1983, the Texas Commission on Human Rights Act, and the Texas Whistleblower Act are **DISMISSED with prejudice**;[24] and (2) the Motions to Dismiss (ECF No. 40, 54) of the remaining defendants are **GRANTED**, and Walker's claims against them under Title VII, 42 U.S.C. § 1983, the Texas Commission on Human Rights Act, and the Texas Whistleblower Act are **DISMISSED with prejudice**.

   **SO ORDERED** on this **7th day of January, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[24] Plaintiff's Title VII claim against Tarrant County is not dismissed by this Order.