UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Brandon Walker, | |
| Plaintiff, | |
| v. | No. 4:24-CV-245-BP |
| Tarrant County, et al., | |
| Defendants. | |

### Response in Opposition to Motion for Certification

As the parties near the close of discovery, Brandon Walker asks the Court to a) certify its previous order dismissing most of Walker's claims and b) stay all remaining proceedings while Walker pursues his appeal of dismissed claims. *See* ECF No. 129. For the reasons below, the Court should deny Walker's motion.

### 1. Walker did not confer with the County

Walker represents that he conferred with the County about this motion and that the undersigned "advised" him to make his motion. *See* ECF No. 129 at 5. Neither representation is true.

On February 5, 2025, Walker attempted to appeal the Court's final judgment dismissing most of his claims. ECF No. 73. Because that order did not dispose of all claims and all parties, it is an interlocutory order. The undersigned had sympathy for Walker paying a significant appellate filing fee for an order that was not appealable. So on February 20, the undersigned communicated to Walker that he believed the order was not appealable, but if Walker chose to file a Rule 54(b) motion, the

1

County would not oppose it. A copy of this communication is attached as **Exhibit 1**. Walker never responded and never filed a motion. The Fifth Circuit ultimately dismissed Walker's appeal for lack of jurisdiction. *See* ECF No. 112. Aside from the County's February communication, the parties have never discussed a certification, let alone staying the remaining proceedings. For that reason alone, the Court should deny Walker's motion.

## 2. Certifying an appeal and staying the proceedings thwarts judicial economy

Alternatively, the Court should deny Walker's motion as an appeal and stay of remaining proceedings will pointlessly delay this case. Ordinarily, a party may take an appeal only when the trial court has disposed of all claims against all parties. *See Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992). Because the purpose of this rule is to prevent piecemeal appeals, a district court should grant certification "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Industries, Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Because no such danger exists here, the Court should deny Walker's motion.

Allowing Walker to appeal now (and staying the remaining proceedings) will not alleviate hardship; rather, it will only delay matters to the prejudice of the County. The events giving rise to this action took place more than four years ago. Because witnesses must rely on memory (particularly when Walker will not produce recordings),

2

delaying trial will likely impact their ability to give complete testimony. This thwarts the preference for trials on the merits.

Further, the parties have conducted discovery, with the County focusing on the only live claim—Title VII retaliation. The discovery deadline is fast approaching, and the County is prepared to file a dispositive motion. Walker now asks for an immediate appeal to help "define discovery, trial time, and potential settlement posture." ECF No. 129. If an appeal was so critical to these things, he should have sought certification in February, rather than going through the entire discovery phase of this case. The County has been dealing with Walker's claims for more than four years and desires finality. Allowing Walker to take an immediate appeal and stay proceedings will only delay that finality.

Last, there is no prejudice to Walker if he must wait until there is a final, appealable order. The Court dismissed Walker's Section 1983 claims as time-barred. ECF No. 68, 69. It is very unlikely that the court of appeals reverses that decision. As such, Walker will not suffer any hardship should the Court deny certification.

## Conclusion

Walker seeks an appeal and stay at the eleventh hour, which will not promote the interests of justice. So, the Court should deny his motion for certification.

>Respectfully submitted,
>
>PHIL SORRELLS
>Criminal District Attorney
>Tarrant County, Texas
>
>s/ Stephen A. Lund
>STEPHEN A. LUND
>State Bar No. 24086920
>salund@tarrantcountytx.gov
>MALLORY A. SCHUIT
>State Bar No. 24078212
>maschuit@tarrantcountytx.gov
>Assistant Criminal District Attorneys
>Tim Curry Criminal Justice Center
>401 West Belknap, 9th Floor
>Fort Worth, Texas 76196-0201
>(817) 884-1233 – Telephone
>(817) 884-1675 – Facsimile
>
>**Attorneys for Defendant**

**Certificate of Service**

On July 29, 2025, I served a copy of the above document on all parties of record pursuant to Fed. R. Civ. P. 5(b).

>s/ Stephen A. Lund
>STEPHEN A. LUND

4