UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Brandon Walker, | |
| Plaintiff, | |
| v. | No. 4:24-CV-245-BP |
| Tarrant County, et al., | |
| Defendants. | |

# Charge of the Court

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the parties argue is not evidence. You may, however, consider their arguments in light of the evidence that has been

admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.[1] Do not let bias, prejudice or sympathy play any part in your deliberations. A government and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

---

[1] Pattern Civ. Jury Instr. 5th Cir. 3.1 (2024). All subsequent citations are to the 2024 edition.
[2] Pattern Civ. Jury Instr. 5th Cir. 2.16 (adapting the Bias – Corporate Party Involved pattern jury instruction for a governmental entity).

Burden of Proof: Preponderance of the Evidence

Plaintiff Brandon Walker has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Walker has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[3]

Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[4]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[5]

Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

---

[3] Pattern Civ. Jury Instr. 5th Cir. 3.2.
[4] Pattern Civ. Jury Instr. 5th Cir. 3.3.
[5] Pattern Civ. Jury Instr. 5th Cir. 2.3.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[6]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.[7]

**County: Witness Not Called**

*[Name of witness]* was available to both sides. Plaintiff/Defendant *[name]* cannot complain that *[name of witness]* was not called to testify, because either Plaintiff or Defendant *[name]* could have called *[name of witness]*.[8]

Plaintiff objects to the inclusion of a "Witness Not Called" instruction. Such an instruction is unnecessary and inappropriate because it invites the jury to speculate about witness availability and improperly suggests that Plaintiff had equal access to Defendant's employees and decisionmakers.
No party has argued, and there is no evidence, that any witness was uniquely available to one side or that an adverse inference should be drawn from a witness's absence. Including this instruction would unfairly prejudice Plaintiff and improperly insulate Defendant from the jury's consideration of missing witnesses. The instruction should therefore be omitted unless the issue is first raised during trial and requires a curative instruction.

---

[6] Pattern Civ. Jury Instr. 5th Cir. 3.4.
[7] Pattern Civ. Jury Instr. 5th Cir. 2.6.
[8] Pattern Civ. Jury Instr. 5th Cir. 2.9.

4

### Similar Acts

Evidence that a person engaged in conduct on another occasion may not be considered as proof that the person acted in the same way in this case.

Such evidence may be considered only for the limited purpose of determining motive, intent, knowledge, or absence of mistake, if you find those issues relevant.

You may not use this evidence to decide that any person acted improperly simply because of past conduct or to punish a party for conduct not at issue in this case.

### Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[9]

### Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been or will be read to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[10]

---

[9] Pattern Civ. Jury Instr. 5th Cir. 2.11.
[10] Pattern Civ. Jury Instr. 5th Cir. 2.13.

### Law-Enforcement Officer Testimony

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.[11]

### No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[12]

### Timing of Protected Activity

There is no fixed period of time within which retaliation must occur for it to be unlawful. In deciding whether retaliation occurred, you may consider the timing between the protected activity and the challenged action along with all other evidence.

A longer period of time between events does not, by itself, defeat a retaliation claim if you find that other evidence shows the protected activity was a but-for cause of the action.

### Retaliation Defined

Retaliation occurs when an employer takes a materially adverse action against an employee because the employee engaged in activity protected by Title VII. A materially adverse action is one that might dissuade a reasonable employee from making or supporting a charge of discrimination.

An employer may not retaliate against an employee for opposing practices the employee reasonably believes to be unlawful under Title VII or for participating in an investigation, proceeding, or charge under Title VII.

---

[11] Pattern Civ. Jury Instr. 5th Cir. 2.15.
[12] Pattern Civ. Jury Instr. 5th Cir. 3.6.

Charging Statement

Plaintiff Brandon Walker contends that Defendant Tarrant County retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

To prevail on his retaliation claim, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff engaged in protected activity under Title VII, including opposing practices he reasonably believed to be unlawful discrimination or retaliation, and/or filing or participating in complaints, investigations, or proceedings under Title VII;

2. Defendant took a materially adverse employment action against Plaintiff, meaning an action that might have dissuaded a reasonable employee from making or supporting a charge of discrimination; and

3. A causal connection exists between Plaintiff's protected activity and the materially adverse employment action, such that Plaintiff's protected activity was a but-for cause of Defendant's action.

    A. Protected Activity

    Protected activity means any action taken by an employee to oppose, report, or complain about conduct the employee reasonably believes constitutes discrimination or retaliation prohibited by Title VII, or to participate in any manner in an investigation, proceeding, or hearing under Title VII.

    The employee need not prove that the underlying conduct was unlawful, only that the employee held a reasonable, good-faith belief that it was.

    B. Materially Adverse Employment Action

    A materially adverse employment action is any action taken by an employer that might have dissuaded a reasonable employee from engaging in protected activity.

    C. Causation

    To establish retaliation, Plaintiff must prove that his protected activity was a but-for cause of the materially adverse employment action.

    This means Plaintiff must show that the adverse action would not have occurred in the absence of the protected activity. Protected activity need not

be the only cause, but it must have been a determining cause of the employer's decision.

In deciding causation, the jury may consider:

Temporal proximity between the protected activity and the adverse action;
Whether the employer's stated reasons are inconsistent, shifting, or unworthy of belief;
Differential treatment of similarly situated employees;
Evidence of retaliatory animus, hostility, or escalation following protected activity.

## Jury Questions – Transfer to Patrol

### QUESTION 1

Do you find that Walker engaged in an activity protected by Title VII?[13]  If yes, answer Question 2.

Answer "Yes" or "No."

Answer: _____


Granted: _____

Denied: _____

Modified: _____


_____
Judge

---

[13] Pattern Civ. Jury Instr. 5th Cir. 11.5, footnote 5.

## QUESTION 2

Do you find that Walker's transfer to the Patrol Division was an adverse action?[14] If yes, answer Question 3.

Answer "Yes" or "No."

Answer: _____

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[14] Pattern Civ. Jury Instr. 5th Cir. 11.5, footnote 6.

## QUESTION 3

Do you find that Walker would not have been transferred to the Patrol Division but for his protected activity?[15]

Answer "Yes" or "No."

Answer: _____

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[15] Pattern Civ. Jury Instr. 5th Cir. 11.5 Jury Question 1.

## Jury Questions – Performance Evaluation

### QUESTION 1

Do you find that Walker engaged in protected activity by complaining of racial discrimination?[16] If yes, answer Question 2.

Answer "Yes" or "No."

Answer: _____

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[16] Pattern Civ. Jury Instr. 5th Cir. 11.5, footnote 5.

# QUESTION 2

Do you find that the performance evaluation issued to Walker constituted a materially adverse employment action?[17] If yes, answer question 3.

Answer "Yes" or "No."

Answer: _____

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[17] Pattern Civ. Jury Instr. 5th Cir. 11.5, footnote 6.

## QUESTION 3

Do you find that Walker's protected activity was a but-for cause of the performance evaluation he received?[18]

Answer "Yes" or "No."

Answer: _____

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[18] Pattern Civ. Jury Instr. 5th Cir. 11.5 Jury Question 1.

Jury Questions – IAD 18-279

## QUESTION 1

Do you find that opening IAD Case 18-279 was an adverse action?[19] If yes, answer Question 2.

Answer "Yes" or "No."

Answer: _____

If you answer "yes", then answer Question 2.

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[19] Pattern Civ. Jury Instr. 5th Cir. 11.5, footnote 6.

## QUESTION 2

Has Walker proved that Kuser and Hallenbeck were motivated by Walker's filing an HR complaint and an EEOC charge of discrimination when their information was reported to Canas?[20]

Answer "Yes" or "No."

Answer: _____

If you answered "yes," then answer Question 3.

Granted: _____

Denied: _____

Modified: _____

_____
Judge

---

[20] Pattern Civ. Jury Instr. 5th Cir. 11.7 Jury Question No. 2.

## QUESTION 3

Has Walker proved that Kuser and Hallenbeck acted with the intent that Walker would suffer an adverse employment action as a result of their acts?[21]

Answer "Yes" or "No."

Answer: _____

If you answered "yes," then answer Question No. 4.


Granted: _____

Denied: _____

Modified: _____


_____
Judge

---

[21] Pattern Civ. Jury Instr. 5th Cir. 11.7 Jury Question No. 3.

## QUESTION 4

Has Walker proved that Canas would not have decided to open IAD Case 18-279 in the absence of Kuser's and Hallenbeck's actions?[22]

Answer "Yes" or "No."

Answer: _____


Granted: _____

Denied: _____

Modified: _____


_____
Judge

---

[22] Pattern Civ. Jury Instr. 5th Cir. 11.7 Jury Question No. 4.

Jury Questions – Criminal Investigation

QUESTION 1

Do you find that Plaintiff Brandon Walker would not have been the subject of a criminal investigation but for his filing an HR complaint and EEOC complaint against Tarrant County?[23]

YES _____
NO _____

If you answered "YES," proceed to the damages question. If you answered "NO," do not answer any further questions.

---

[23] Fifth Circuit Pattern Jury Instruction 11.5.

Title VII– Damages

Jury Questions

# QUESTION 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Walker for the damages, if any, you have found Tarrant County caused Walker?[24]

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, humiliation, damage to professional reputation, and loss of enjoyment of life.

$_____

2. Future pain and suffering, inconvenience, mental anguish, humiliation, damage to professional reputation, and loss of enjoyment of life.

$_____

---

[24] Pattern Civ. Jury Instr. 5th Cir. 11.14.