

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDON WALKER, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-245-BP |
| TARRANT COUNTY SHERIFF'S OFFICE, *et al.*, | § § § | |
| Defendants. | § § | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which

those arguments rest. What the lawyers say or do is not evidence. However, since Plaintiff Brandon Walker represents himself, his testimony from the witness stand is evidence, but his arguments and questioning elsewhere are not. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Walker has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Walker has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witness, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if not contradicted by direct or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**SIMILAR ACTS**

Evidence that a person engaged in conduct on another occasion may not be considered as proof that the person acted in the same way in this case. Such evidence may be considered only for the limited purpose of determining motive, intent, knowledge, or absence of mistake, if you find those issues relevant.

You may not use this evidence to decide that any person acted improperly simply because of past conduct or to punish a party for conduct not at issue in this case.

**IMPEACHMENT BY WITNESS' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**DEPOSITION TESTIMONY**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Some time before this trial, attorneys representing the parties in this case and Walker questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you. This deposition testimony is entitled to the same consideration

and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**LAW ENFORCEMENT OFFICER TESTIMONY**

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**CHARGING STATEMENT**

Walker contends that Tarrant County retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). To prevail on his retaliation claim, Walker must prove by a preponderance of the evidence that:

1. He engaged in protected activity under Title VII, including opposing practices he reasonably believed to be unlawful discrimination or retaliation, and/or filing or participating in complaints, investigations, or proceedings under Title VII;

2. Tarrant County took a materially adverse employment action against Walker, meaning an action that might have dissuaded a reasonable employee from making or supporting a charge of discrimination; and

3. A causal connection exists between Walker's protected activity and the materially adverse employment action, such that Walker's protected activity was a but-for cause of Tarrant County's action.

## PROTECTED ACTIVITY

Protected activity means any action taken by an employee to oppose, report, or complain about conduct the employee reasonably believes constitutes discrimination or retaliation prohibited by Title VII, or to participate in any manner in an investigation, proceeding, or hearing under Title VII. The employee need not prove that the underlying conduct was unlawful, only that the employee held a reasonable, good-faith belief that it was.

## MATERIALLY ADVERSE EMPLOYMENT ACTION

A materially adverse employment action is any action taken by an employer that might have dissuaded a reasonable employee from engaging in protected activity.

## TIMING OF PROTECTED ACTIVITY

There is no fixed period of time within which retaliation must occur for it to be unlawful. In deciding whether retaliation occurred, you may consider the timing between the protected activity and the challenged action along with all other evidence.

A longer period of time between events does not, by itself, defeat a retaliation claim if you find that other evidence shows the protected activity was a but-for cause of the action.

## RETALIATION DEFINED

Retaliation occurs when an employer takes a materially adverse action against an employee because the employee engaged in activity protected by Title VII. A materially adverse action is one that might dissuade a reasonable employee from making or supporting a charge of discrimination. An employer may not retaliate against an employee for opposing practices the

employee reasonably believes to be unlawful under Title VII or for participating in an investigation, proceeding, or charge under Title VII.

## CAUSATION

To establish retaliation, Walker must prove that his protected activity was a but-for cause of the materially adverse employment action. This means Walker must show that the adverse action would not have occurred in the absence of the protected activity. Protected activity need not be the only cause, but it must have been a determining cause of the employer's decision.

In deciding causation, you may consider:

Temporal proximity between the protected activity and the adverse action;

Whether the employer's stated reasons are inconsistent, shifting, or unworthy of belief;

Differential treatment of similarly situated employees;

Evidence of retaliatory animus, hostility, or escalation following protected activity.

## JURY QUESTIONS

## TRANSFER TO PATROL

### QUESTION NO. 1

Do you find that Walker engaged in an activity protected by Title VII?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "Yes," answer Question No. 2. If you answered "No," then go immediately to Question No. 4.

### QUESTION NO. 2

Do you find that Walker's transfer to the Patrol Division was a materially adverse employment action?

Answer "Yes" or "No."

Answer: _____Yes_____

If you answered "Yes," answer Question No. 3. If you answered "No," then go immediately to Question No. 4.

## QUESTION NO. 3

Do you find that Walker would not have been transferred to the Patrol Division but for his protected activity

Answer "Yes" or "No."

Answer: _____No_____

### PERFORMANCE EVALUATION

## QUESTION NO. 4

Do you find that Walker engaged in protected activity by complaining of racial discrimination?

Answer "Yes" or "No."

Answer: _____Yes_____

If you answered "Yes," answer Question No. 5. If you answered "No," then go immediately to Question No. 7.

## QUESTION NO. 5

Do you find that the performance evaluation issued to Walker constituted a materially adverse employment action?

Answer "Yes" or "No."

Answer: _____Yes_____

If you answered "Yes," then answer Question No. 6. If you answered "No," then go immediately to Question No. 7.

## QUESTION NO. 6

Do you find that Walker's protected activity was a but-for cause of the performance evaluation he received?

8

Answer "Yes" or "No."

Answer: _____NO_____

### IAD 18-279

### QUESTION NO. 7

Do you find that opening IAD Case 18-279 was an adverse action?

Answer "Yes" or "No."

Answer: _____Yes_____

If you answered "Yes," then answer Question No. 8. If you answered "No," then go immediately to Question No. 11.

### QUESTION NO. 8

Has Walker proved that Kuser and Hallenbeck were motivated by Walker's filing an HR complaint and an EEOC charge of discrimination when their information was reported to Canas?

Answer "Yes" or "No."

Answer: _____Yes_____

If you answered "Yes," then answer Question No. 9. If you answered "No," then go immediately to Question No. 11.

### QUESTION NO. 9

Has Walker proved that Kuser and Hallenbeck acted with the intent that Walker would suffer an adverse employment action as a result of their acts?

Answer: _____Yes_____

If you answered "Yes," then answer Question No. 10. If you answered "No," then go immediately to Question No. 11.

### QUESTION NO. 10

Has Walker proved that Canas would not have decided to open IAD Case 18-279 in the absence of Kuser's and Hallenbeck's actions?

9

Answer: ~~Yes~~

## QUESTION NO. 11

If you answered yes to any of Question Nos. 3, 6, 10, then answer Question No. 11 below. If you answered "No" to all those questions, then go immediately to the last page and sign and date the verdict.

What sum of money, if paid now in cash, would fairly and reasonably compensate Walker for the damages, if any, you have found Tarrant County caused Walker?

Answer in dollars and cents for the following items, and no others:

1. Past pain and suffering, inconvenience, mental anguish, humiliation, damage to professional reputation, and loss of enjoyment.

    $ ~~353,00~~ $333,000.00  *BA*

2. Future pain and suffering, inconvenience, mental anguish, humiliation, damage to professional reputation, and loss of enjoyment of life.

    $ ~~292,00~~ $292,000.00  *BA*

10

**DUTY TO DELIBERATE**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

When you go into the jury room to deliberate, you may take a copy of this charge and the exhibits that I have admitted into evidence. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** on February 11, 2026.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDON WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-245-O |
| | § | |
| TARRANT COUNTY | § | |
| SHERIFF'S OFFICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### CERTIFICATE

We, the Jury, have answered the Jury Questions and return them to the Court as our verdict.


_____
PRESIDING JUROR


Signed this __11__ day of February 2026.